IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOLOGY INNOVATIONS LLC,<br>    Plaintiff,<br><br>   v.<br><br>BJ'S WHOLESALE CLUB, INC.,<br>    Defendant. | C.A. No. 18-682-GMS<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**BJ'S WHOLESALE CLUB, INC.'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant BJ's Wholesale Club, Inc. ("BJ's") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Symbology Innovations LLC's ("Plaintiff" or "Symbology") Complaint for Infringement of Patent ("Complaint"). BJ's denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

## NATURE OF THE ACTION

1.      BJ's admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and that the Plaintiff purports to seek injunctive relief as well as damages, attorney's fees, and costs. BJ's further admits that a purported copy of U.S. Patent No. 8,424,752 (the "'752 Patent") is attached to the Complaint as Exhibit A; U.S. Patent No. 8,651,369 (the "'369 Patent") is attached to the Complaint as Exhibit B; and U.S. Patent No. 8,936,190 (the "'190 Patent") is attached to the Complaint as Exhibit C (collectively, the "Patents-in-Suit"). BJ's denies it has committed or is committing acts of infringement and/or "profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Symbology" such that Plaintiff is entitled to any relief from BJ's. BJ's denies any remaining allegations in Paragraph 1 of the Complaint.

## THE PARTIES

2. BJ's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. BJ's admits that it is a Delaware corporation, and that it has a place of business located at 25 Research Drive, Westborough, Massachusetts 01581. BJ's further admits that it can be served at The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. BJ's denies any remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. BJ's admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but BJ's denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. BJ's denies any remaining allegations in Paragraph 4 of the Complaint.

5. BJ's does not contest whether personal jurisdiction over it properly lies in this district in this case, or that it conducts business in the State of Delaware. BJ's denies it has committed or is committing acts of infringement within the State of Delaware or in this district and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. BJ's does not contest whether personal jurisdiction over it properly lies in this District in this case, or that it conducts business in the State of Delaware. BJ's denies it has committed or is committing acts of infringement within the State of Delaware or in this District and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

7. BJ's incorporates its admissions, averments, and denials in Paragraph 3 above as if set forth fully herein. BJ's does not contest that venue may be proper but denies that venue is convenient in this District as to BJ's. BJ's denies the remaining allegations of Paragraph 7 of the Complaint.

## [ALLEGED] FACTUAL ALLEGATIONS

*'752 Patent*

8. BJ's admits that the purported copy of the '752 Patent that is attached to the Complaint as Exhibit A indicates that it issued on April 23, 2013, and is entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device." BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. BJ's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10. BJ's admits that the purported copy of the '752 Patent that is attached to the Complaint as Exhibit A appears to contain three independent claims and 25 dependent claims. BJ's denies the remaining allegations of Paragraph 10 of the Complaint.

11. BJ's denies that the claims of the '752 Patent constitute inventions or patent subject matter. BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

*'369 Patent*

12. BJ's admits that the purported copy of the '369 Patent that is attached to the Complaint as Exhibit B indicates that it issued on February 18, 2014, and is entitled "System and

Method for Presenting Information About an Object on a Portable Electronic Device." BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13. BJ's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14. BJ's admits that the purported copy of the '369 Patent that is attached to the Complaint as Exhibit B appears to contain three independent claims and 25 dependent claims. BJ's denies the remaining allegations of Paragraph 14 of the Complaint.

15. BJ's denies that the claims of the '369 Patent constitute inventions or patent subject matter. BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and, on that basis, denies all such allegations.

*'190 Patent*

16. BJ's admits that the purported copy of the '190 Patent that is attached to the Complaint as Exhibit C indicates that it issued on January 20, 2015, and is entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device." BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and, on that basis, denies all such allegations.

17. BJ's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies all such allegations.

18. BJ's admits that the purported copy of the '190 Patent that is attached to the Complaint as Exhibit C appears to contain three independent claims and 17 dependent claims. BJ's denies the remaining allegations of Paragraph 18 of the Complaint.

19. BJ's denies that the claims of the '190 Patent constitute inventions or patent subject matter. BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

## COUNT I
## [ALLEGED] INFRINGEMENT OF THE '752 PATENT

20. BJ's incorporates by reference its responses in Paragraphs 1-19 above as if fully set forth herein.

21. BJ's denies the allegations in Paragraph 21 of the Complaint.

22. BJ's admits that it has had knowledge of the '752 Patent since the time it was served with the Complaint. BJ's denies the remaining allegations in Paragraph 22 of the Complaint.

23. BJ's denies the allegations in Paragraph 23 of the Complaint.

24. BJ's admits that a Quick Response (QR) code has appeared on some promotional material. BJ's denies that it has committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies any remaining allegations in Paragraph 24 of the Complaint.

25. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 26 of the Complaint and, on that basis, denies all such allegations.

27. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and, on that basis, denies all such allegations.

28. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint and, on that basis, denies all such allegations.

29. BJ's denies the allegations in Paragraph 29 of the Complaint.

30. BJ's denies the allegations in Paragraph 30 of the Complaint.

31. BJ's denies the allegations in Paragraph 31 of the Complaint.

32. BJ's denies the allegations in Paragraph 32 of the Complaint.

33. BJ's denies the allegations in Paragraph 33 of the Complaint.

## COUNT II
## [ALLEGED] INFRINGEMENT OF THE '369 PATENT

34. BJ's incorporates by reference its responses in Paragraphs 1-33 above as if fully set forth herein.

35. BJ's denies the allegations in Paragraph 35 of the Complaint.

36. BJ's admits that it has had knowledge of the '369 Patent since the time it was served with the Complaint. BJ's denies the remaining allegations in Paragraph 36 of the Complaint.

37. BJ's denies the allegations in Paragraph 37 of the Complaint.

38. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 38 of the Complaint

39. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint and, on that basis, denies all such allegations.

40. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint and, on that basis, denies all such allegations.

41. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint and, on that basis, denies all such allegations.

42. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint and, on that basis, denies all such allegations.

43. BJ's denies the allegations in Paragraph 43 of the Complaint.

44. BJ's denies the allegations in Paragraph 44 of the Complaint.

45. BJ's denies the allegations in Paragraph 45 of the Complaint.

46. BJ's denies the allegations in Paragraph 46 of the Complaint.

47. BJ's denies the allegations in Paragraph 47 of the Complaint.

## COUNT III
## [ALLEGED] INFRINGEMENT OF THE '190 PATENT

48. BJ's incorporates by reference its responses in Paragraphs 1-47 above as if fully set forth herein.

49. BJ's denies the allegations in Paragraph 49 of the Complaint.

50. BJ's admits that it has had knowledge of the '190 Patent since the time it was served with the Complaint. BJ's denies the remaining allegations in Paragraph 50 of the Complaint.

51. BJ's denies the allegations in Paragraph 51 of the Complaint.

52. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 52 of the Complaint.

53. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 53 of the Complaint.

54. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 54 of the Complaint.

55. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 55 of the Complaint.

56. BJ's incorporates its admissions, averments, and denials in Paragraph 24 above as if set forth fully herein. BJ's denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 56 of the Complaint.

57. BJ's denies the allegations in Paragraph 57 of the Complaint.

58. BJ's denies the allegations in Paragraph 58 of the Complaint.

59. BJ's denies the allegations in Paragraph 59 of the Complaint.

60. BJ's denies the allegations in Paragraph 60 of the Complaint.

61. BJ's denies the allegations in Paragraph 61 of the Complaint.

### [PLAINTIFF'S] DEMAND FOR JURY TRIAL

62. BJ's is not required to provide a response to Plaintiff's request for a trial by jury.

### [PLAINTIFF'S] PRAYER FOR RELIEF

BJ's denies that Plaintiff is entitled to any relief from BJ's and denies all the allegations contained in Paragraphs a-f of Plaintiff's Prayer for Relief.

### AFFIRMATIVE DEFENSES

BJ's's Affirmative Defenses are listed below. BJ's reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

BJ's has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by

inducement)), any valid, enforceable claim of the '752, '369, and '190 Patents (collectively, the "Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patents against BJ's is barred by the doctrine of inequitable conduct.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to any of the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that BJ's actions allegedly infringe the Asserted Patents, BJ's is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that BJ's indirectly infringes, either by contributory infringement or inducement of infringement, BJ's is not liable to Plaintiff for the acts alleged to have been performed before BJ's knew that its actions would cause indirect infringement.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patents against BJ's is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by BJ's.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that BJ's makes, uses, or sells each claimed element of any asserted claim, or that BJ's directs or controls another entity to make, use, or sell any element that is not made, used, or sold by BJ's.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patents do not claim patentable subject matter under 35 U.S.C. § 101.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any method employed by BJ's: (1) captures a digital image; (2) detects symbology associated with the digital image; (3) decodes the symbology to obtain a decode string; (4) sends the decode string to a remote server for processing; (5) alerts the user when an image containing symbology has been detected; (6) asks the user if decoding of the symbology is desired; and/or (7) receives a reply from the user as required by the Asserted Patents.

## BJ'S' COUNTERCLAIMS

For its counterclaims against Plaintiff Symbology Innovations, LLC ("Symbology"), Counterclaim Plaintiff BJ's Wholesale Club, Inc. ("BJ's") alleges as follows:

## PARTIES

1. Counterclaim Plaintiff BJ's is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located 25 Research Drive, Westborough, Massachusetts 01581.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Symbology is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principle place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION

3. BJ's incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Symbology has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Symbology's filing of this action, venue is proper, though not necessarily convenient, in this district pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. BJ's incorporates by reference Paragraphs 1–6 above.

8.  Based on Symbology's filing of this action and at least BJ's' first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether BJ's infringes U.S. Patent Nos. 8,424,752 (the "'752 Patent"); 8,651,369 (the "'369 Patent"); and/or 8,936,190 (the "'190 Patent) (collectively, the "Asserted Patents").

9.  BJ's does not infringe (a) Claim 1 of the '752 Patent, Claim 1 of the '369 Patent, or Claim 1 of the '190 Patent because, among other things, it does not "use" or "test" any method or system that: (i) captures a digital image, (ii) detects symbology associated with the digital image, (iii) decodes the symbology to obtain a decode string, or (iv) sends the decode string to a remote server for processing; (b) Claim 17 of the '752 Patent, Claim 17 of the '369 Patent, or Claim 17 of the '190 Patent because, among other things, it does not "use" or "test" any method or system that includes: (i) logic adapted to capture a digital image, (ii) logic adapted to detect symbology associated with the digital image, (iii) logic adapted to decode the symbology to obtain a decode string, (iv) logic adapted to send the decode string to a remote server for processing, or (v) logic adapted to receive a second amount of information about the object based on the decode string from the remote server; (c) Claim 24 of the '752 Patent, Claim 24 of the '369 Patent, or Claim 20 of the '190 Patent because, among other things, it does not "use" or "test" any method or system that includes: (i) a symbology detecting module configured to detect symbology associated with the digital image, (ii) a decoding module configured to decode the symbology to obtain a decode string, (iii) a transferring module configured to send the decode string to a remote server for processing, and/or (iv) an information storage module configured to receive information about the object from the remote server; and/or (d) Claim 6 of the '752 Patent, Claim 6 of the '369 Patent, or Claim 6 of the '190 Patent because, among other things, it does not "use" or "test" any method or system that: (i) alerts the user if decoding of the

symbology is desired, (ii) asks the user if decoding of the symbology is desired, and/or (iii) receives a reply from the user.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., BJ's requests a declaration by the Court that BJ's has not infringed and does not infringe any claim of the Asserted Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11. BJ's incorporates by reference Paragraphs 1–10 above.

12. Based on Symbology's filing of this action and at least BJ's' Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

13. The asserted claims of the Asserted Patents are anticipated and/or rendered obvious by, inter alia, BarPoint.com; Neomedia's Neo Reader; Microsoft's Smart Tags; Android's Shop Savvy; Red Laser; ScanBuy; U.S. Serial No. 60/118,051; U.S. Serial No. 60/187,646; U.S. Serial No. 60/185,546; U.S. Patent Application 2008/0004978; U.S. Patent No. 6,430,554; and/or U.S. Patent No. 6,651,053.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., BJ's requests a declaration by the Court claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, BJ's asks this Court to enter judgment in BJ's' favor and against Symbology by granting the following relief:

a) a declaration that the Asserted Patents are invalid;

b) a declaration that BJ's does not infringe, under any theory, any valid claim of the Asserted Patents that may be enforceable;

c) a declaration that the Asserted Patents are unenforceable;

d) a declaration the Symbology take nothing by its Complaint;

e) judgment against Symbology and in favor of BJ's;

f) dismissal of the Complaint with prejudice;

g) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to BJ's of its costs and attorneys' fees incurred in this action; and

h) further relief as the Court may deem just and proper.

## JURY DEMAND

BJ's hereby demands trial by jury on all issues.

Dated: May 29, 2018            Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Jeremy D. Anderson*
    Jeremy D. Anderson (No. 4515)
    222 Delaware Avenue, 17th Floor
    Wilmington, Delaware 19801
    (302) 658-5070 (Telephone)
    (302) 652-0607 (Facsimile)
    janderson@fr.com

    Neil J. McNabnay, *pro hac vice filed*
    David B. Conrad, *pro hac vice filed*
    Ricardo J. Bonilla, *pro hac vice filed*
    Theresa M. Dawson, *pro hac vice filed*
    Rodeen Talebi, *pro hac vice filed*
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)
    mcnabnay@fr.com
    conrad@fr.com
    rbonilla@fr.com
    tdawson@fr.com
    talebi@fr.com

**COUNSEL FOR DEFENDANT
BJ'S WHOLESALE CLUB, INC.**